**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KAREN ACKER <br> formerly, KAREN MASSEY <br><br> Plaintiff, <br><br> v. <br><br> PEARSON EDUCATION, INC., <br> a/k/a PEARSON, INC., a foreign <br> corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW the Plaintiff, Karen Acker, formerly Karen Massey, and for her

Complaint against Defendant alleges and states:

## NATURE OF PROCEEDINGS

1.      Plaintiff seeks legal and equitable relief for the denial of certain rights

secured by the Age Discrimination in Employment Act of 1967, as codified at 29 U.S.C.

Sections 621-634. Such relief is authorized under 29 U.S.C. Section 629(b)(c).

## JURISDICTION

2.      This Court has jurisdiction pursuant to 29 U.S.C. Section 626(c)(d).

3.      Plaintiff is a resident of the State of Oklahoma. Defendant is a foreign

corporation whose principal place of business is other than in Oklahoma. The amount of

damages sought is in excess of $75,000.00 as required by 28 U.S.C. Section 1332.

## VENUE

4.      All acts complained of by the Plaintiff occurred within the Western District

for the State of Oklahoma. Therefore, this Court has jurisdiction and venue.

## FACTS

5.      Plaintiff was an employed by Defendant as a national education consultant from 1998 until September 8, 2003 when she was terminated by Defendant.

6.      Plaintiff was at all times an outstanding employee who performed the functions of her job exceptionally during all periods of her employment.

7.      Plaintiff's termination was not based on a general layoff or reduction in work force.

8.      Plaintiff's termination was without just cause and was based on the fact that she had obtained a certain age.

9.      Due to Plaintiff's age and length of employment, Plaintiff was about to vest in her retirement plan. Defendant terminated Plaintiff in order to keep her from vesting in her retirement plan. As the retirement plan was linked to Plaintiff's age, this was an act of discriminatory conduct on the part of Defendant.

10.     After Plaintiff's termination, Plaintiff was replaced by a significantly younger person who had essentially the same job duties as the Plaintiff.

11.     The reason given for Plaintiff's termination was pretextual. Plaintiff's termination was linked to her age.

## CAUSE OF ACTION

12.     Defendant, in committing the above acts, has violated the Age Discrimination in Employment Act of 1967 in that Defendant has discriminated against Plaintiff because of Plaintiff's age.

13.     Defendant's conduct was willful.

2

14.     Charges were filed with the Equal Opportunity Commission on December 23, 2003.

15.     Plaintiff complied with 29 U.S.C. Section 626(d)(2) in that Plaintiff filed a charge with the Equal Opportunity Commission within 180 days after the unlawful incident occurred.

16.     Plaintiff has complied with 29 U.S.C. Section 626(d) in that it has been at least 60 days since charges were filed with the Equal Opportunity Commission.

17.     Plaintiff has not received any correspondence from the Equal Opportunity Commission that they have terminated her case. Therefore, this case is filed within the time proscriptions of 29 U.S.C.626.

18.     Plaintiff was born on September 26, 1949, making her nearly 54 years of age at the time of her termination. Therefore, Plaintiff has complied with 29 U.S.C. Section 631 in that Plaintiff was at least 40 years old at the time of the discriminatory Act.

19.     The actions of Defendant were in violation of the laws of the State of Oklahoma.

20.     Plaintiff's termination was against the public policy of the State of Oklahoma.

21.     The acts of Defendant were extreme and outrageous and Plaintiff has suffered severe emotional distress therefrom.

22.     The acts of Defendant were willful, wanton, reckless, intentional and in violation of the rights of Plaintiff. Plaintiff should be awarded punitive damages for the purpose of punishing the outrageous acts of Defendant as well as deterring other

persons similarly situated from committing the same acts.

23.     Pursuant to 29 U.S.C. Section 626(c)(2) and the laws of the State of

Oklahoma, Plaintiff is entitled to and requests a jury trial.

WHEREFORE, Plaintiff prays that this honorable court grant judgment against

the Defendant and award to Plaintiff damages, costs and attorney fees in excess of

$75,000.00 along with any other relief the Court finds to be just and equitable.

SHELTON LAW FIRM


S/ Douglas J. Shelton
DOUGLAS J. SHELTON, OBA #8159
M. DANIEL WEITMAN, OBA #017412
8801 S.  Olie, Bldg 3
P.O. Box 890960
Oklahoma City, OK 73189-0960
405/631-0833 Fax: 405/631-0878
ATTORNEYS FOR PLAINTIFF

**ATTORNEYS LIEN CLAIMED**